UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH PITRE | CASE NO. 6:24-CV-01492 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GRAND ISLE SHIPYARD, LLC | MAGISTRATE JUDGE WHITEHURST |

### ORDER

The present matter before the Court is the Magistrate Judge's Report and Recommendation ("R&R") addressing the Rule 12(b)(6) Motion to Dismiss filed by Defendant Grand Isle Shipyard, LLC. The R&R recommends that the Motion to Dismiss be granted because plaintiff Joseph Pitre's state law retaliatory discharge claim under La. R. S. 23:1361 is preempted by the Longshore and Harbor Workers Compensation Act ("LHWCA"). The R&R recommends that this claim be "dismissed without prejudice to Plaintiff's right to pursue his claim through the proper administrative procedures under [the LHWCA]."[1] The R&R seems to suggest that this state law retaliatory discharge claim is the sole claim for relief asserted by Plaintiff. If so, it is unclear whether the Court has subject matter jurisdiction. The Court cannot rule on this Rule 12(b)(6) motion if it lacks subject matter jurisdiction.

This case was originally filed in state court and subsequently removed. Plaintiff did not file a motion to remand. However, the Court has a duty to *sua sponte* consider whether it has subject matter jurisdiction. The parties cannot waive or otherwise consent to jurisdiction where the Court lacks jurisdiction. Grand Isle's argument that the LHWCA preempts Plaintiff's state

---

[1] ECF No. 15 at 5.

law claim is a defense and does not provide a basis for federal question jurisdiction. The Fifth Circuit and lower courts have repeatedly held that the LHWCA does not completely preempt state law, such that a state law retaliatory discharge claim preempted by the LHWCA is removable to federal court on the basis of federal question jurisdiction.[2]

The Court notes that Plaintiff's state court petition alleges that Plaintiff was injured by Grand Isle's "willful refusal to comply with the terms of the LHWCA." Yet, it is unclear that these allegations state a viable federal claim under the LHWCA. For example, Plaintiff alleges retaliatory discharge but cites only Louisiana law on retaliatory discharge and not the LHWCA's separate retaliatory discharge provisions set forth at 33 U.S.C. § 948a. Moreover, in his opposition to the Motion to Dismiss, Plaintiff appears to take the position that he is asserting a retaliatory discharge claim solely under state law and not under the LHWCA. Plaintiff also makes a confusing argument in his briefs that he is asserting a claim under the Family and Medical Leave Act ("FMLA"). However, his state court petition makes only a passing reference to the FMLA without pleading grounds for a claim under the FMLA.[3]

In short, it appears that the Court may lack subject matter jurisdiction. Accordingly, within twenty (20) days of the date of this order, Grand Isle is ORDERED to file a supplemental brief addressing subject matter jurisdiction.[4] Plaintiff may file a response to Grand Isle's supplemental brief within fourteen days after that supplemental brief is filed. The

---

[2] *See e.g., Aaron v. Nat'l Union Fire Ins.*, 876 F.2d 1157, 1165 (5th Cir. 1989); *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 510 (S.D. Miss. 2008).

[3] "A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.1995), *abrogated in part on other grounds by Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998); *see also Davoodi v. Austin Independent School Dist.*, 755 F.3d 307, 310 (5th Cir. 2014).

[4] Defendant bears the burden of showing federal jurisdiction exists over the state-court suit. *See e.g. Carpenter* at 365; *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009).

Court will defer ruling on the Motion to Dismiss and the R&R pending additional briefing on jurisdiction.

    THUS DONE in Chambers on this 29th day of April, 2025.

                                                              ROBERT R. SUMMERHAYS
                                                              UNITED STATES DISTRICT JUDGE