UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH PITRE | CASE NO. 6:24-CV-01492 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GRAND ISLE SHIPYARD, LLC | MAGISTRATE JUDGE WHITEHURST |

### RULING and ORDER

The present matter before the Court is the Magistrate Judge's Report and Recommendation ("R&R") addressing the Rule 12(b)(6) Motion to Dismiss filed by Defendant Grand Isle Shipyard, LLC.[1] The R&R recommends that the Motion to Dismiss be granted, because Plaintiff Joseph Pitre's state law retaliatory discharge claim under La. R.S. 23:1361 is preempted by the Longshore and Harbor Workers Compensation Act ("LHWCA"). The R&R recommends that this claim be "dismissed without prejudice to Plaintiff's right to pursue his claim through the proper administrative procedures under [the LHWCA]."[2] Because this language in the R&R seems to suggest that this state law retaliatory discharge claim is the sole claim for relief asserted by Plaintiff, the Court requested supplemental briefing over whether the Court has subject matter jurisdiction over that state law claim. The parties have submitted their supplemental jurisdictional briefing.

The Court is satisfied that it has subject matter jurisdiction. The complaint refers to the LHWCA and to the Family and Medical Leave Act ("FMLA") but appears to assert a claim for retaliatory discharge solely under state law—La. R. S. 23:1361. Specifically, Pitre alleges that Grand Isle retaliated against him (in violation of state law) for filing a claim under the LHWCA. However, the complaint specifically alleges that Pitre was injured by Grand Isle's "[w]illful refusal to comply with the terms of the LHWCA." [ECF No. 1-2 at ¶ 15a]. Although inartful, this allegation could be

---

[1] ECF No. 15.
[2] *Id.* at 5.

1

construed as a distinct claim under the LHWCA. If so, Grand Isle's Motion to Dismiss and the R&R's recommended disposition of that Motion does not dispose of the entire case—Pitre's LHWCA claim remains pending, and that claim supplies the Court with subject matter jurisdiction.

Furthermore, Pitre asserts that the passing reference to the FMLA in the complaint was an attempt to plead a claim under the FMLA. However, Pitre argues that this claim does not grant this Court subject matter jurisdiction because 29 U.S.C. § 2617 states that an action under the FMLA "may be maintained against any employer (including a public agency) in any Federal *or State court* of competent jurisdiction."[3] This language does not deprive the Court of subject matter jurisdiction, nor does it prohibit the removal of the case to federal court.[4] Accordingly, Pitre's assertion of an FMLA claim provides an additional ground for the Court to exercise subject matter jurisdiction.

In sum, the Court ADOPTS the recommendation in the R&R that Grand Isle's Motion to Dismiss be GRANTED for the reasons stated in the R&R. However, Pitre's state law claim under La. R. S. 23:1361 is DISMISSED WITH PREJUDICE. The Court further orders that within 20 days, Pitre file an amended complaint limited to allegations that support his claims under the LHWCA and the FMLA.

THUS DONE in Chambers on this 3rd day of June, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[3] 29 U.S.C. § 2617(a)(2) (emphasis added).
[4] *See Ladner v. Alexander & Alexander, Inc.*, 879 F. Supp. 598 (W.D. La. 1995) (FMLA action, which may be maintained in any federal or state court of competent jurisdiction, may be removed to federal court even after it has been commenced in state court).